Appeal Nos. 12-57026, 12-57205, 12-57211

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| Appeal No. 12-57026<br>MICHAEL SHAMES; et al.,<br>　　　　Plaintiffs – Appellees,<br>v.<br>GORDON HANSMEIER,<br>　　　　Objector – Appellant,<br>v.<br>HERTZ CORPORATION, INC., et al.,<br><br>　　　Defendants– Appellees. | Appeal No. 12-57205<br>MICHAEL SHAMES; et al.,<br>　　　　Plaintiffs – Appellees,<br>v.<br>ANDREW CESARE; CERY PERLE;<br>GARY BISHOP; FRANK DEJULIUS,<br>　　　　Objectors - Appellants,<br>v.<br>HERTZ CORPORATION, INC., et al.,<br><br>　　　Defendants – Appellees. |

Appeal No. 12-57211
MICHAEL SHAMES; et al.,
　　　　Plaintiffs – Appellees,
v.
THOMAS J. LAVERY,
　　　　Objector – Appellant,
v.
HERTZ CORPORATION, INC., et al.,
　　　　Defendants – Appellees.

On Appeal From the United States District Court for the Southern District of California – The
Honorable Michael M. Anello, Case No. 07-CV-2174-MJMA(WMC)

## MOTION TO DISMISS LAVERY APPEAL NO. 12-57211 AND MOTION FOR DETERMINATION THAT APPEAL IS FRIVOLOUS AND OPPOSITION TO MOTION TO REMAND

Sullivan, Hill, Lewin, Rez & Engel
A Professional Law Corporation
　Donald G. Rez, SBN 82615
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone:　(619) 233-4100
Facsimile:　(619) 231-4372
rez@sullivanhill.com
*Co-Lead Counsel for Class Plaintiffs-Appellees*

Hulett Harper Stewart LLP
　Dennis Stewart (99152)
225 Broadway, Suite 1350
San Diego, CA　92101
Telephone:　(619) 338-1133
Facsimile:　(619) 338-1139
dstewart@hulettharper.com
*Co-Lead Counsel for Class Plaintiffs-Appellees*

# TABLE OF CONTENTS

I. INTRODUCTION: THE APPEAL OF PUTATIVE OBJECTOR THOMAS LAVERY SHOULD BE DISMISSED AND HIS REMAND REQUEST DENIED ................................................................... 1

II. BACKGROUND ............................................................... 3

III. ARGUMENT:  THE MOTION TO DISMISS SHOULD BE GRANTED ................ 7

  A. Putative Objector Lavery Does Not Have the Power to Bring An Appeal ................ 7

  B. There is No Record of Mr. Lavery's Objections to the Settlement Nor Any Purported Basis to Excuse his Late Filing, There is Thus Nothing for this Court to Review ........................................................... 10

  C. Lavery Has Failed to Timely File His Opening Brief ................................. 13

IV. ARGUMENT: THE REMAND MOTION SHOULD BE DENIED ....................... 13

  A. Putative Objector Lavery Has "No Power" to Request Remand ................ 13

  B. Opposition to Putative Objector Thomas Lavery's Motion to Remand: Merits ..... 13

V. THE COURT SHOULD DESIGNATE THIS APPEAL AS FRIVOLOUS ............. 19

VI. CONCLUSION .................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abogados v. AT&T, Inc.,*
   223 F.3d. 932 (9th Cir. 2000)..................................................................... 11, 12

*Allen v. Ornoski,*
   435 F.3d 946 (9th Cir. 2006)............................................................................ 12

*Andersen v. Cumming,*
   827 F.2d 1303 (9th Cir. 1987).................................................................... 7, 11

*CLRB Hanson Indus., LLC v. Weiss Assoc., P.C.,*
   465 Fed. Appx. 617 (9th Cir. 2012) ................................................................ 14

*Creamette Co. v. Merlino,*
   289 F.2d 569 (9th Cir. 1961)....................................................................... 2, 11

*Devlin v. Scardelletti,*
   536 U.S. 1 (2002) ...................................................................................*passim*

*Embry v. ACER Am. Corp.,*
   No. 09-01808, 2012 WL 3777163 (N.D. Cal. Aug. 29, 2012) ........................... 8

*In re George,*
   322 F.3d 586 (9th Cir. 2003) ........................................................................... 19

*Hall v. AT&T Mobility, LLC,*
   No. 07-5325, 2010 WL 4053547 (D.N.J. Oct. 13, 2010) .................................... 6

*Hall v. Whitley,*
   935 F.2d 164 (9th Cir. 1991)........................................................................... 12

*Hays v. Concannon,*
   921 F.2d 240 (9th Cir. 1990)........................................................................... 18

*Hillis v. Heineman,*
   626 F.3d 1014 (9th Cir. 2010)......................................................................... 12

353274-v1

*In re HP Inkjet Printer Litig.*,
  Case No. 11-16097, 2013 WL 1986396 (9th Cir. May 15, 2013) .............*passim*

*In re Hunt,*
  238 F.3d 1098 (9th Cir. 2001) ............................................................... 11

*Huynh v. Chase Manhattan Bank,*
  465 F.3d 992 (9th Cir. 2006) ................................................................ 11

*Independent Towers Washington v. Washington,*
  350 F.3d 925 (9th Cir. 2003) ................................................................ 14

*In re Integra Realty Resources, Inc.,*
  354 F.3d 1246 (10th Cir. 2004) .............................................................. 8

*Maldonado v. Morales,*
  556 F.3d 1037 (9th Cir. 2009) .............................................................. 14

*In re Mercury Interactive Corp. Sec. Litig.,*
  618 F.3d 988 (9th Cir. 2010) ................................................................ 11

*National Org. for Reform of Marijuana Laws v. Mullen,*
  796 F.2d 276 (9th Cir. 1986) ................................................................ 18

*Navajo Nation v. Confederated Tribes & Bands of Yakama Indian Nation,*
  331 F.3d 1041 (9th Cir. 2003) .............................................................. 10

*In re O'Brien,*
  312 F.3d 1135 (9th Cir. 2002) .............................................................. 12

*SEC v. Sunwest Mgmt., Inc.,*
  No. 11-35788, 2013 WL 1987373 (9th Cir. May 15, 2013) ............................ 17

*Shames v. Hertz Corp.,*
  No. 07-2174, 2012 WL 5392159 (S.D. Cal. Nov. 5, 2012) .......................*passim*

*Singleton v. Wulff,*
  428 U.S. 106 (1976) ............................................................................ 12

*In re TFT-LCD (Flat Panel) Antitrust Litig.,*
  Case No. 3:07-md-01827 (N.D. Cal.) ...................................................... 6

353274-v1

iii

*Thomas v. Computax Corp.,*
   631 F.2d. 139 (9th Cir. 1980).................................................................. 12

*In re UnitedHealth Group Inc. S'holder Derivative Litig.,*
   631 F.3d 913 (8th Cir. 2011)................................................................... 8

*Walczak v. EPL Prolong, Inc.,*
   198 F.3d 725 (9th Cir. 1999).................................................................. 18

## Statutes, Rules & Regulations

Ninth Circuit Local Rule
   Rule 3-6 ...................................................................................... 1, 18
   Rule 28-2.5 ................................................................................. 2, 10

Federal Rules of Appellate Procedure
   Rule 38........................................................................................... 19

Southern District of California Local Rule
   Rule 7.1 ......................................................................................... 10

# I. INTRODUCTION: THE APPEAL OF PUTATIVE OBJECTOR THOMAS LAVERY SHOULD BE DISMISSED AND HIS REMAND REQUEST DENIED

Appellant Lavery's unsigned, last minute motion to remand should be denied for a number of reasons and instead his appeal should be dismissed. The Lavery appeal is by a putative objector who failed to timely file an objection, failed to preserve in the record either an error as to the rejection of the filing of his objection or even the objection itself; thus he has no "power to bring an appeal," *Devlin v. Scardelletti,* 536 U.S. 1, 14 (2002), and is without authority to seek the requested remand. Moreover, the remand request is vacuous. With no analysis it merely cites a recent Ninth Circuit opinion (and makes no effort to establish it applies to this case, much less that it is controlling) and demands the case be remanded. But remand is appropriate only where the relevant law has changed in such a way that "requires reversal or vacation of the judgment or order appealed from." C.R. 3-6(a). Here appellant has not established (or even discussed) how the cited decision, *In re HP Inkjet Printer Litig.*, Case No. 11-16097, 2013 WL 1986396 (9th Cir. May 15, 2013), changed the relevant law that affects the district court's approval of the settlement of this case. No such change of law occurred. The motion to remand should be summarily denied and instead the appeal should be dismissed.

1

Class plaintiffs move to dismiss Appellant-Objector Thomas Lavery's appeal (Appeal No. 12-57211) to the approval of the settlement of this case for two interrelated reasons: Mr. Lavery failed to timely file an objection to the Settlement Agreement in the district court prior to the fairness hearing (his letter purporting to be an objection was rejected as late and never filed), and he failed to preserve any issues concerning an objection in the trial court record. The Supreme Court has been quite clear that it is only those non-named class members "who have objected in a timely manner to approval of the settlement at the fairness hearing [that] have the power to bring an appeal . . . ." *Devlin,* 536 U.S. at 14. Similarly, this Court's rules require that as to each issue on appeal "appellant shall state where in the record on appeal the issue was raised and ruled on and identify the applicable standard of review." C.R. 28-2.5; *see, e.g., Creamette Co. v. Merlino,* 289 F.2d 569, 570 (9th Cir. 1961) ("It would be inappropriate for us to reverse the trial court on the basis of facts not incorporated in the record . . . ."). Here putative objector Lavery never attempted to get his objection, or any of it, into the record after it was rejected as being late. He did not even attend the fairness hearing and raise any objection there. ER 4, *Shames v. Hertz Corp.,* No. 07-2174, 2012 WL 5392159, at *2 (S.D. Cal. Nov. 5, 2012); ER 48, 50 (Transcript, "Final Approval Hearing" (listing appearances)).[1]   Since there is nothing in the record concerning his

---

[1]  Appellant Hansmeier filed a partial Consolidated Excerpts of Record on April

objection, there is nothing for this Court to review. Moreover, after three separate continuances to file an Opening Brief (the last of which was contested), Mr. Lavery has failed to file a timely Opening Brief and instead filed a vacuous remand motion with no analysis or application of law to the facts here. His appeal should be determined to be frivolous and should be dismissed.

## II. <u>BACKGROUND</u>

This consumer antitrust action has been pending for more than five years. Filed in November 2007, it alleged that consumers that rented cars at California airports between January and November of 2007 suffered injuries as a result of overcharges. Following protracted litigation, including an earlier appeal to this Court, a Stipulation and Settlement Agreement resolving this matter was fully executed on or about May 15, 2012; a settlement which had been brokered by an approved mediator, Hon. Ronald M. Sabraw, retired California Superior Court Judge now working at JAMS. *Shames,* 2012 WL 5392159 at *2, 7. The parties promptly sought preliminary approval of the Stipulation and Settlement Agreement. On May 17, 2012, Plaintiffs filed their Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, Certification of Settlement

---

26, 2013 (Ninth Cir. Dkt. No. 46-3). The Transcript of the Final Approval Hearing (October 29, 2012) is part thereof, ER 48-118. Only two objectors appeared, their appearances (Mr. Hagen for himself and Mr. Miller for objector Singer) are noted under "Defendants," ER 50, and are recognized in the Order on Final Approval of Class Action Settlement, ER 4 (*Shames,* 2012 WL 5392159, at *2). The Westlaw cite will be used for all references to the Final Approval Order).

Class, Appointment of Class Representative and Class Counsel, and Approval of Form and Manner of Giving Notice to Class Members (Dist. Ct. Dkt. No. 310). The district court preliminarily approved the settlement on May 21, 2012 and amended that order on May 22, 2012 (Dist. Ct. Dkt. Nos. 311 and 313)(Amended Order - ER 337). The deadline for filing objections established in the amended preliminary approval order was October 1, 2012:

> provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has filed written objections with the Clerk of United States District Court for the Southern District of California **on or before October 1, 2012**. Any Class Member who does not file objections shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, or the award of attorneys' fees and expenses to Plaintiffs' Counsel, or to any service award to the Class Representative unless otherwise ordered by the Court.

ER 341 (Amended Order Preliminarily Approving Settlement, Certifying Settlement Class, Appointing Class Representative and Lead Counsel, and Providing for Notice (Dist. Ct. Dkt. No. 313, filed May 22, 2012, at 5, ¶ 13)) (emphasis in original).

On or about October 5, 2012, the District Court Clerk received a letter on the letterhead of the Lavery Law Firm (Mark Lavery) purporting to give "Notice of Intention to Appear and object on behalf of Class Member and Objector Thomas Lavery." On October 10, 2012, District Court Judge Michael Anello ordered that the document "is NOT to be filed, but instead REJECTED." Ex. 1, attached

4

hereto, (ER 178-79) (Dist. Ct. Dkt. No. 340) (emphasis in original). The court hand-wrote that the rejection was because it was an "UNTIMELY OBJECTION," referred to its amended preliminary approval order and also noted there was no proof of service. Ex. 1, hereto. Thereafter, neither Mr. Lavery nor any of his lawyers requested that the objection be deemed timely, be ordered filed, or that they may otherwise object to the settlement. This despite that the Court's preliminary approval order provided that the Court could "otherwise" order.[2] None of Lavery's lawyers appeared at the fairness hearing. *See supra* note 1. The Court record is devoid of any substance of an objection by Mr. Lavery, or, as required by the district court's order, any filed objection at all. As the district court order explicitly states, his objections are "waived" and he is "foreclosed from making any objection." ER 341 (Dist. Ct. Dkt. No. 313 at 5, ¶13).

On October 29, 2012, the district court held a lengthy fairness hearing, heard everyone who wished to speak, and took the matter under submission (Dist. Ct. Dkt. No. 356) (noted at ER 561). Mr. Lavery did not appear. *See supra* note 1. On November 5, 2012, the district court granted the Motion for Final Approval. *Shames,* 2012 WL 5392159. Judge Anello's thoughtful and extensive opinion addressed and rejected each of the objections timely raised by objectors in the district court including application of CAFA and issues related thereto. On

---

[2] The district court further "ORDERED that the clerk serve a copy of this order on all parties." ER178 (Dist. Ct. Dkt. No. 340).

December 5, 2012, acting in *pro per* (purportedly), Mr. Lavery filed an appeal, Appeal No. 12-57211. ER 42. But Mr. Lavery did not bother filing a claim in the settlement. [*See* Declaration of Stefanie C. Gardella Re: FRAP Rule 7 Motion, ¶3 (Dist. Ct. Dkt. No. 383-3, May 14, 2013).] RFJN Ex. A.[3] On January 25, 2013, the Ninth Circuit consolidated the three appeals from the approval of the settlement (Appeal Nos. 12-57026, 12-57205, and 12-57211) (Ninth Cir. Dkt. No. 27). On March 22, 2013, attorney Chris Langone filed an appearance on behalf of Mr. Lavery.[4] (Ninth Cir. Dkt. No. 35). The opening brief of all appeals was due May 24, 2013.[5] Mr. Lavery failed to file an opening brief.[6]

---

[3] A Request for Judicial Notice has been concurrently filed. ("RFJN Ex. _")

[4] Attorneys Mark Lavery and Chris Langone are not casual objectors or objector counsel; they have a working symbiotic relationship as objectors and counsel to objectors in class action settlements, and are experienced in objector litigation. *See Hall v. AT&T Mobility, LLC*, No. 07-5325, 2010 WL 4053547, at *12, *17, *18 (D.N.J. Oct. 13, 2010) (Langone as objector represented by attorney Mark Lavery). A list of "serial objector" cases involving attorneys Lavery and Langone was submitted to the district court in *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Case No. 3:07-md-01827 (N.D. Cal.), [N.D. Dist. Ct. Dkt. No. 7162, filed Nov. 15, 2012 (pages 49-51 of 69)] ("Indirect-Purchaser Plaintiffs' and Settling States' Joint Response to Objections to Combined Class, *Parens Patriae*, and Governmental Entity Settlements with AUO, LG Display, and Toshiba Defendants"). RFJN Ex. B.

[5] Appellant Hansmeier filed an Opening Brief and Consolidated Excerpts of Record on April 26, 2013 (Ninth Cir. Dkt. No. 46). Thereafter this Court issued an extension of time for the filing of Opening Briefs to May 24, 2013. (Ninth Cir. Dkt. Nos. 52, 55). "[T]he answering briefs by appellees are due June 24, 2013." (Ninth Cir. Dkt. No. 55).

## III.  ARGUMENT:  THE MOTION TO DISMISS SHOULD BE GRANTED

There are two interrelated reasons why Mr. Lavery's appeal should be dismissed.  First, Mr. Lavery failed to file a timely objection.  Therefore, as stated by the Supreme Court, he has "no power to appeal."  *Devlin*, 536 U.S. at 11, 14. "[T]he power to appeal is limited to those nonnamed [sic] class members who have objected during the fairness hearing.  This limits the class of potential appellants considerably."  *Id.* at 11.  Secondly, it is a fundamental rule of appellate practice that to preserve the right to appeal, an appellant must preserve the issue in the record at the trial court and failure to do so makes any issue unappealable.  *See, e.g.,* C.R. 28-2.5; *Andersen v. Cumming*, 827 F.2d 1303, 1305 (9th Cir. 1987) ("'Having failed to perfect the record at trial, [Appellant] cannot complain on appeal that an error has been made.'") (citation omitted).  Putative objector Lavery failed to preserve objections in the record; indeed no objection by him is in the record; nor is the substance of his objections (if any).  And while Lavery purports to appeal Judge Anello's Order striking his late filed pleading (ER 42), nothing in the record preserves any asserted claim of error.

### A.  Putative Objector Lavery Does Not Have the Power to Bring An Appeal

The United States Supreme Court has been quite explicit that it is only "nonnamed [sic] class members . . . who have objected in a timely manner to

---

[6]  Instead of filing an Opening Brief Mr. Lavery filed his unsigned, three page remand request, with no legal analysis, thus failing to prosecute.

approval of the settlement at the fairness hearing [that] have the power to bring an appeal." *Devlin*, 536 U.S. at 14. The Supreme Court further emphasized "the power to appeal is limited to those nonnamed [sic] class members who have objected during the fairness hearing." *Id.* at 11. The untimely filing of an objection does not preserve the right to appeal. In *In re Integra Realty Resources, Inc.*, 354 F.3d 1246, 1258 (10th Cir. 2004) an untimely objector was found without power to appeal when the objector "did not take the procedural steps necessary to have 'objected during the fairness hearing' as required . . . ." *Id.* Similarly in *In re UnitedHealth Group Inc. S'holder Derivative Litig.*, 631 F.3d 913, 917 (8th Cir. 2011), the court stated "[a] shareholder – or an unnamed class member for that matter – must file a timely objection pursuant to district court procedure, or else he loses any right he would have otherwise had to appeal a settlement agreement." [7] Lavery failed to comply with the district court procedure to object:

> no Class Member or any other Person shall be heard or entitled to contest such matters, unless that person has filed written objections with the Clerk of the United States District Court for the Southern District of California **on or before October 1, 2012**. Any Class Member who does not file objections shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation . . . unless otherwise ordered by the Court.

---

[7] As a sanction for refusing to post an appellate bond trial courts have ordered objector's objections stricken (thus eliminating appeal abilities). *Embry v. ACER Am. Corp.*, No. 09-01808, 2012 WL 3777163, at *2 (N.D. Cal. Aug. 29, 2012).

ER 341 (Dist. Ct. Dkt. No. 313, at 5, ¶ 13) (emphasis in original). As the Supreme Court noted – "dealing with untimely objections – implicates basic concerns about waiver and should be easily addressable by a court of appeals." *Devlin*, 536 U.S. at 13. Here Mr. Lavery failed to "file objections" and therefore <u>his objections were waived</u>. His letter purporting to "give Notice of Intention to Appear and object" was rejected as being untimely and <u>was never filed</u>. Ex. 1, hereto. Neither Mr. Lavery nor any of his lawyers sought leave to actually file an objection (timely or otherwise), sought leave to have the letter/objection filed *nunc pro tunc,* or even sought to have the letter made part of the district court record. That the purported objection was unquestionably received after the date set by the district court is the only fact in the Record. And neither Mr. Lavery nor any of his lawyers appeared and objected at the district court's comprehensive October 29 fairness hearing. While the matter was under submission, no one sought leave to file supplemental papers. On November 5, 2012, the court granted the Motion for Final Approval of Class Action Settlement and for Entry of Judgment, Motion for Attorneys' Fees; and Judgment and Dismissal, and ordered the parties to effectuate the settlement agreement according to its terms. *Shames*, 2012 WL 5392159. Mr. Lavery waived his right to object and cannot pursue this appeal. It should be summarily dismissed.

9

**B.    There is No Record of Mr. Lavery's Objections to the Settlement Nor Any Purported Basis to Excuse his Late Filing, There is Thus Nothing for this Court to Review**

A second, independent but interrelated, reason for dismissal of the Lavery appeal is that there is nothing in the district court record for this Court to review. Mr. Lavery's "letter to give Notice of Intention to Appear and object" was never filed. It was explicitly rejected by District Court Judge Michael Anello on October 10, 2012 as being untimely. Ex. 1, hereto. And neither Mr. Lavery nor any of the law firms that claimed they would appear and object at the fairness hearing did in fact appear and object. Mr. Lavery not only waived his objections, he failed to put his objections into the record. He certainly did not file an objection as the district court ordered. To the extent he means to appeal the lower court's Order striking his late filing, he similarly did nothing before the district court to attempt to justify or excuse the late filing.[8]  There was nothing for the district court to rule on nor is there anything for this Court to review. Pursuant to Ninth Circuit Rule 28-2.5 "[a]s to each issue, appellant shall state where in the record on appeal the issue was

---

[8]    No reconsideration was sought nor was an attempt made to show that reconsideration was warranted. "Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice. Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted). Mr. Lavery did not comply with the Southern District's Local Rules providing for reconsideration. *See, e.g.,* CivLR 7.1i Such motion must be made within twenty-eight (28) days after entry of the ruling. Mr. Lavery never gave the district court the opportunity to exercise its discretion to reconsider its order.

raised and ruled on and identify the applicable standard of review." Putative objector Lavery cannot identify "where in the record on appeal the issue was raised and ruled on" because he failed to put his objection in the record. "The appellant must bear the burden of a factual record that is incomplete on the issues it raises." *In re Hunt,* 238 F.3d 1098, 1105 (9th Cir. 2001) (quoting *Andersen,* 827 F.3d at 1305). Where appellant has "failed to perfect the record at trial, [Appellant] cannot complain on appeal that an error has been made." *Andersen,* 827 F.3d at 1305 (citation omitted). It would be inappropriate for this Court "to reverse the trial court on the basis of facts not incorporated in the record." *Creamette,* 289 F.2d at 570. The fault is entirely with Lavery, no effort was made to get his objections (or his "Notice of Intention to Appear and object") into the record. This Court "will not reward Appellants on appeal for their lack of diligence before the district court . . . ." *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 1000 (9th Cir. 2006).

Since Mr. Lavery did not raise his arguments properly before the district court, they have been waived as to the appellate court as well. *Abogados v. AT&T, Inc.,* 223 F.3d 932, 937 (9th Cir. 2000) ("[t]o have been properly raised below, the argument must be raised sufficiently for the trial court to rule on it") (internal quotations and citation omitted). There is a ""general rule" against entertaining arguments on appeal that were not presented or developed before the district court." *In re Mercury Interactive Corp. Sec. Litig.,* 618 F.3d 988, 992 (9th Cir.

2010) (citation omitted); *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). Lavery's objection was never presented sufficiently for the trial court to rule on it. "[A] party cannot treat the district court as a mere ill-placed bunker to be circumvented on his way to this court where he will actually engage his opponents." *Allen v. Ornoski*, 435 F.3d 946, 960 (9th Cir. 2006). *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010) (matters never argued before the district court deemed waived). Mr. Lavery did not make his objections part of the record below, did not preserve them in any way in the record, did not present them in such a way the district court could rule upon them, and, pursuant to the order of the district court as to the procedure for presenting objections, waived his objections. "Since the district court did not have an opportunity to consider this argument, it is waived." *Abogados*, 223 F.3d at 937. The Lavery appeal should be dismissed.

Dismissal of appeals and/or summary affirmance, where, as here, appellants have failed to provide an adequate record for appellate review (and especially where they cannot provide such a record), is appropriate. *Hall v. Whitley*, 935 F.2d 164, 165 (9th Cir. 1991) (dismissal appropriate for failure to provide materials needed to review); *Thomas v. Computax Corp.*, 631 F.2d 139, 143 (9th Cir. 1980). Here, no adequate record for appellate review is possible because of appellant's failures in the court below. Dismissal is warranted. *In re O'Brien*, 312 F.3d 1135,

1137 (9th Cir. 2002) (failure to present a sufficient record is basis for dismissal of appeal).

## C. Lavery Has Failed to Timely File His Opening Brief

The third continuance to filing his opening brief required the Opening Brief to be filed on May 24, 2013. No such brief was filed. Instead a flimsy, inapplicable motion to remand was filed. The motion to remand should be denied and stricken and the appeal dismissed for want of prosecution.

## IV. ARGUMENT: THE REMAND MOTION SHOULD BE DENIED

### A. Putative Objector Lavery Has "No Power" to Request Remand

Putative Objector Lavery has "no power to appeal." *Devlin*, 536 U.S. at 11, 14. Lavery admits his objection was not filed but asserts, with no citation to the record, that it was appropriately submitted. Nothing in the record supports that claim and the law is to the contrary. As is fully set forth in the Motion to Dismiss portion of this brief (*supra* at §III), Lavery has "no power" to appeal. It is tautological that he cannot request any relief predicated on a non-appeal, including remand. The remand motion should be denied on this procedural basis.

### B. Opposition to Putative Objector Thomas Lavery's Motion to Remand: Merits

In support of the motion for remand based on *In re HP Inkjet Printer Litig.*, No. 11-16097, 2013 WL 1986396 (9th Cir. May 15, 2013) (hereinafter "*HP*"), Objector Lavery provides no analysis referencing the terms of the Settlement in

this case nor the district court's opinion approving the settlement. He simply asserts as a conclusion that *HP* applies. It does not.[9] In *HP*, the issue was whether in a Settlement clearly subject to CAFA[10], the Court had applied the correct legal analysis to the approval of attorneys' fees. The applicability of CAFA to the Settlement was not at issue in *HP* and thus the Court did not address it.

The settlement in this case presented a threshold issue not addressed in *HP*, whether a settlement that provides cash to every class member (the cash component was uncapped and available in full to each class member) and only an option of accepting a voucher in lieu of the cash entitlement is subject to CAFA. Based in part on this Court's recent decision in *CLRB Hanson Indus., LLC v. Weiss Assoc., P.C.*, 465 Fed. Appx. 617, 619 (9th Cir. 2012), the district court below found that it was not.[11] *Shames*, 2012 WL 5392159, at *16. Because the threshold

---

[9]  This failure to provide any analysis of application of *HP* to the facts of this case is reason enough to deny the motion as this Court has "held firm against considering arguments that are not briefed," *Independent Towers Washington v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003), and "[a]rguments made in passing and inadequately briefed are waived." *Maldonado v. Morales,* 556 F.3d 1037, 1048 n.4 (9th Cir. 2009) (citation omitted).

[10]  The settlement in HP provided only for "e-credits" (*i.e.*, coupons) of between $2 and $6 redeemable against the purchase of printers or printer products and certain injunctive relief. *HP*, 2013 WL 1986396, at *1 n.2. No class members would receive cash. CAFA's applicability was not questioned.

[11]  The district court stated, "Persuasive authority supports [the finding] that CAFA does not apply to settlements, such as this one, that offer the option between cash and vouchers for free products (as opposed to *discounts* on products where class members are required to purchase the products and pay the difference between the

question of the applicability of CAFA to a settlement of this kind was not addressed in *HP*, remand based on that decision should not be ordered.

The settlement at issue here provided for the recovery by each class member of either $2.00 per rental day (with a $5 minimum payment) in cash or as an option at the sole discretion of each class member, a voucher for either one or two free time and mileage rental days depending on the number of qualifying rental days a class member had. Every class member was entitled to recover cash; no class member was obligated to accept a voucher. *Shames*, 2012 WL 5392159, at *3 (describing Settlement). Against average daily damages estimated at between 18 cents per day (by Defendants) and $3.00 per day (by Plaintiffs) *every* class member was entitled to receive cash in the amount of $2.00 per day. This was equivalent to a minimum of 2/3 of the high estimate of average daily damages in the case (and because of the $5.00 minimum payment could result in a higher percentage of recovery to damages). *Id.* at *7, and nn. 6-9.[12] The voucher option to the cash recovery, ***which no class member was obligated to take***, allowed class members to

---

full and coupon-discounted price). For example, in an unpublished memorandum, the Ninth Circuit recently observed, 'The settlement gives every class member the option to receive its share of the settlement proceeds in cash or cash-equivalent forgiveness of indebtedness already incurred. This is not a "coupon settlement" ***and therefore does not trigger the Class Action Fairness Act of 2005's limitations*** on contingent fees awarded in connection with such settlements.'" *Shames*, 2012 WL 5392159, at *16 (citing *CLRB*, 465 Fed. Appx. at 619).

[12] A class member who rented for a single day incurred, at the high end, $3.00 in damages but recovered $5.00 or 1 and 2/3 times damages; one who rented for two days incurred $6.00 in damages but recovered $5.00, or 5/6ths of his damages.

voluntarily trade their cash entitlement for a voucher of one or two days free rentals. The district court recognized this as a valuable enhancement of the cash settlement benefit which already represented a high percentage of individual damages. *See Id.* at *7, *9, *19 and nn. 6-9. Based on evidence of rental car rates, the free day rental vouchers were between $40 and $100 per day. *Id.* at *7[13] This additional feature permitted class members who valued a free rental day(s) more than their cash entitlement to draw even greater value from the settlement than what may have been considered by them as a modest cash recovery; modest not in relation to actual damages as the district court noted several times, but modest in terms of absolute dollars. *Id.* at *7, *9 and nn. 6-9[14]

The issue for the district court here, but was ***not*** presented in HP, was whether such a settlement was even subject to CAFA. The district court decided, correctly that it was not. *Id.* at *16. This settlement does not implicate the central

---

[13] These vouchers are for free time and mileage day(s)on any size car up to full size, at any time, under any demand pricing conditions, with no pre-reservation time limits, no minimum rental period, no "black-out" periods redeemable at any company owned location in the United States. The vouchers are stackable with most other promotions and discounts, transferable within the household of the class member, and redeemable for 18 months after issuance. *Id.* at *3.

[14] For example a one day Hertz renter who rented a sub-compact during the class period and had obtained a favorable off-peak rate at a low demand location and incurred an estimated 18 cents to $3.00 in damages could trade the $5.00 in settlement cash for the right to rent a full size car at the last minute under peak demand conditions; a value that would frequently exceed $100. As of the final approval hearing nearly twice as many claimants had chosen the cash option over the voucher option. *Id.* at *10.

concern of CAFA, *i.e.,* settlements in which the attorneys get paid in cash and the class must accept coupons. *See HP*, 2013 WL 1986396, at *3-*4 (referring several times to the central concern underlying CAFA as settlement in which the class is compensated with coupons and the attorneys are compensated in cash). Here, every class member was entitled to recover cash. That each class member could exchange their cash entitlement for the right to free car rental days, does not change the fact that this is not a coupon settlement; *i.e.*, one in which the class member must accept a voucher and the attorneys get paid in cash. This settlement's voucher payment ***option*** does not even fit into the literal language of *HP* that it "provides for coupon relief,"[15] in that the settlement "provides for" cash relief. The *HP* language must be understood within the context of the facts of the *HP* case and the statute with which it was concerned. Where, as here, the critical facts are different because class members are all entitled to receive cash more than fairly approximating the value of their claims and none are required to accept a coupon, neither the literal terms nor the concerns underlying CAFA are implicated.

---

[15] "When a settlement provides for coupon relief, either in whole or in part, any attorney's fee 'that is attributable to the award of coupons' must be calculated using the redemption value of the coupons." *HP*, 2013 WL 1986396, at *1 (citing 28 U.S.C.A. § 1712 (a)). The fee in this case was predicated solely on lodestar, and was not "attributable to the award of coupons." *Shames*, 2012 WL 5392159, at *19-*20. "The lodestar figure is a presumptively reasonable amount of attorney's fees." *SEC v. Sunwest Mgmt., Inc.*, No. 11-35788, 2013 WL 1987373, at *2 (9th Cir. May 15, 2013) (citing *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542 (2010)).

The narrow issue presented by this motion is whether remand is appropriate in light of the HP decision. Because the *HP* decision does not present the issue of whether a settlement having the features of this settlement is subject to CAFA, *HP* clearly does not dictate or even suggest a different result in this case. It is highly unlikely that the district court, which determined that the instant settlement was not subject to CAFA and engaged in a detailed lodestar analysis, *id.*, would change the basis for the calculation of appropriate attorneys' fees and costs. A remand would waste scarce judicial resources, time and money.

> Ninth Circuit Rule 3-6 provides, in relevant part, that:

> At any time prior to the completion of briefing in a civil appeal if the Court determines: (a) that ... an intervening court decision . . . requires reversal or vacation of the judgment or order appealed from or a remand for additional proceedings . . . the Court may, after affording the parties an opportunity to show cause, issue an appropriate dispositive order.

*See also Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 729 (9th Cir. 1999). Remand is appropriate ***where the relevant law has changed*** during pendency of the appeal because of a new statute or court decision. *See, e.g., Hays v. Concannon*, 921 F.2d 240, 241 (9th Cir. 1990) (remand for reconsideration in light of new legislation); *National Org. for Reform of Marijuana Laws v. Mullen*, 796 F.2d 276, 276 (9th Cir. 1986) (remand for reconsideration of preliminary injunction in light of intervening court decisions). *HP* neither changes CAFA nor applies to the facts of this case. Here, ***the law has not changed*** during pendency of the appeal, there has

been no "intervening court decision," and the facts of this case are completely unrelated to *HP*.

## V. <u>THE COURT SHOULD DESIGNATE THIS APPEAL AS FRIVOLOUS</u>

Under Rule 38 of the Federal Rules of Appellate Procedure, the Court is empowered to determine that an appeal is frivolous and award "just damages and single or double costs to the appellee." An appeal is frivolous if either (1) the results are obvious; or (2) the arguments of error are wholly without merit. *In re George,* 322 F.3d 586, 591 (9th Cir. 2003). Objector Lavery's entire appeal is barred by his failure to timely object and preserve that objection in the trial court. No objection was timely filed and no attempt was made to get the objection on the record. These failings are obvious and demonstrable rendering any argument of error meritless.

## VI. <u>CONCLUSION</u>

For all the foregoing reasons, counsel for the Class respectfully requests that the Court summarily dismiss the appeal of putative objector Thomas Lavery, deny the motion to remand and designate his appeal as frivolous.

Respectfully submitted,

Dated:    May 30, 2013        SULLIVAN, HILL, LEWIN, REZ & ENGEL

By:    */s/ Donald G. Rez*
       Donald G. Rez
       Co-Lead Counsel for Plaintiff Class

Dated:    May 30, 2013        HULETT HARPER STEWART LLP

By:  */s/ Dennis Stewart*
Dennis Stewart
Co-Lead Counsel for Plaintiff Class

EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

<u>**NOTICE OF DOCUMENT DISCREPANCIES**</u>

FILED

*This space for*
*Clerk's Office use only*
12 OCT 11 AM 9:39

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ___ DEPUTY

TO: ☑ U. S. DISTRICT JUDGE / ☐ U. S. MAGISTRATE JUDGE    Michael McAnello

FROM: __C.Lopez,__    Deputy Clerk    RECEIVED DATE: __10.05.12__

CASE NO.: __07cv2174-MMA-__    DOCUMENT FILED BY: Thomas J. Lavery

CASE TITLE: __Shames et al v. Hertz Corporation et al__

DOCUMENT ENTITLED: __Re: Shames v. The Hertz Corporation__

Upon the submission of the attached document(s), the following discrepancies are noted:

| ✓ | Local Rule | Discrepancy |
|---|---|---|
| ☐ | 5.1 | Missing time and date on motion and/or supporting documentation |
| ☐ | 5.3 | Document illegible or submitted on thermal facsimile paper |
| ☐ | **5.4** | **Document not filed electronically. Notice of Noncompliance already issued.** |
| ☐ | 7.1 or 47.1 | Date noticed for hearing not in compliance with rules/Document(s) are not timely |
| ☐ | 7.1 or 47.1 | Lacking memorandum of points and authorities in support as a separate document |
| ☐ | 7.1 or 47.1 | Briefs or memoranda exceed length restrictions |
| ☐ | 7.1 | Missing table of contents |
| ☐ | 15.1 | Amended pleading not complete in itself |
| ☐ | 30.1 | Depositions not accepted absent a court order |
| ☐ | | Supplemental documents require court order |
| ☐ | | Default Judgment in sum certain includes calculated interest |
| X | | OTHER: Missing Proof of Service |
| X | | UNTIMELY OBJECTION. [SEE DOC. NO. 313 AT PARA. 13.] |

Date forwarded: __10.10.12__

**ORDER OF THE JUDGE / MAGISTRATE JUDGE**

**IT IS HEREBY ORDERED:**

☐ The document is to be filed nunc pro tunc to date received.

☒ The document is NOT to be filed, but instead REJECTED. and it is ORDERED that the Clerk serve a copy of this order on all parties.

Rejected document to be returned to pro se or inmate? ☐ Yes.    Court Copy retained by chambers ☐

Counsel is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83.1

CHAMBERS OF: **Michael M. Anello**
**U.S. District Judge**

Dated: __10/10/12__    By: __CC2__

cc: All Parties

MARK T. LAVERY
180 N. LASALLE, SUITE 3700
CHICAGO, IL 60601
TEL 847 8137771  EMAIL MARK@LAVERYLAWFIRM.COM

# LAVERY LAW FIRM

# **REJECTED**

Re:    Shames v. The Hertz Corporation, Case No. 07cv2174-MMA.

Clerk of the Court
U.S. District Court
Southern District of California
940 Front Street
San Diego, CA 92101-8900

Donald G. Rez
Sullivan Hill Lewin Rez & Engel
550 West C Street, 15th Floor
San Diego, CA 92101

Michael F. Tubach
O'Melveny & Myers LLP
Two Embarcadero
Center, 28th Floor
San Francisco, CA 94111

To the Court and Counsel:

We send this letter to give Notice of Intention to Appear and object in

*Shames v. The Hertz Corporation*, Case No. 07cv2174-MMA. on behalf of

Class Member and Objector Thomas Lavery, 9200 W. 174th Street, Tinley

Park, Illinois. We object to the request for a phone number. Thomas Lavery

can be reached through counsel and this letter is signed by counsel on his

behalf. Mr. Lavery is represented by Grenville Pridham who intends to appear

Appeal Nos. 12-57026, 12-57205, 12-57211

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| Appeal No. 12-57026 | Appeal No. 12-57205 |
|---|---|
| MICHAEL SHAMES; et al.,<br>　　　　Plaintiffs – Appellees,<br>v.<br>GORDON HANSMEIER,<br>　　　　Objector – Appellant,<br>v.<br>HERTZ CORPORATION, INC., et al.,<br><br>　　　　Defendants– Appellees. | MICHAEL SHAMES; et al.,<br>　　　　Plaintiffs – Appellees,<br>v.<br>ANDREW CESARE; CERY PERLE;<br>GARY BISHOP; FRANK DEJULIUS,<br>　　　　Objectors - Appellants,<br>v.<br>HERTZ CORPORATION, INC., et al.,<br>　　　　Defendants – Appellees. |

Appeal No. 12-57211

MICHAEL SHAMES; et al.,
　　　　Plaintiffs – Appellees,
v.
THOMAS J. LAVERY,
　　　　Objector – Appellant,
v.
HERTZ CORPORATION, INC., et al.,
　　　　Defendants – Appellees.

On Appeal From the United States District Court for the Southern District of California – The Honorable Michael M. Anello, Case No. 07-CV-2174-MJMA(WMC)

## APPELLEES – CLASS PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS LAVERY APPEAL NO. 12-57211 AND MOTION FOR DETERMINATION THAT APPEAL IS FRIVOLOUS AND OPPOSITION TO MOTION TO REMAND

Sullivan, Hill, Lewin, Rez & Engel
A Professional Law Corporation
　Donald G. Rez, SBN 82615
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone:　(619) 233-4100
Facsimile:　(619) 231-4372
rez@sullivanhill.com
*Co-Lead Counsel for Class Plaintiffs-Appellees*

Hulett Harper Stewart LLP
　Dennis Stewart (99152)
225 Broadway, Suite 1350
San Diego, CA　92101
Telephone:　(619) 338-1133
Facsimile:　(619) 338-1139
dstewart@hulettharper.com
*Co-Lead Counsel for Class Plaintiffs-Appellees*

352835-v1

Pursuant to Rule 201 of the Federal Rules of Evidence ("Rule 201"), Class Plaintiffs, Appellees herein, respectfully request that this Court take judicial notice of the existence and content of the documents attached hereto and/or referenced herein. This Court may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 fn 6 (9th Cir. 2006). It is appropriate for this Court to "take judicial notice of its own records in other cases as well as the records of an inferior court in other cases." *In re Korean Air Lines Co., Ltd.,* 642 F.3d 685, 689 fn 1 (9th Cir. 2011); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992). Pursuant to Rule 201, the court should take judicial notice of a public record whose existence and content are "not subject to reasonable dispute." *See, e.g., Intri-Plex Tech, Inc. v. Crest Group, Inc.,* 499 F.3d 1048, 1052 (9th Cir. 2007). Here the facts are readily "capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned." *Stiefel v. Bechtel Corp.,* 497 F. Supp. 2d 1138, 1144 (S.D. Cal. 2007). The submitted materials, are capable of review on court dockets and Pacer. Pursuant to Rule 201(c) the court "must" take judicial notice of such facts where "requested by a party," and the court is "supplied with the necessary information." Fed. R. Evid. 201(c).

1

Exhibit A hereto is a Declaration of Stefanie C. Gardella Re: FRAP Rule 7

Motion (Dist. Ct Dkt No. 383-3, May 14, 2013) (Case No. 07cv2174 in the

Southern District of California.)

Exhibit B hereto is a portion of "Indirect-Purchaser Plaintiffs' and Settling

States' Joint Response to Objections to Combined Class, *Parens Patriae*, and

Governmental Entity Settlements With AUO, LG Display and Toshiba

Defendants", Exhibit C (pages 49-51 of 69) filed in the District Court matter

entitled *In re TFT-LCD (Flat Panel) Antitrust Litigation,* Case No. 3:07-md-01827

Docket No. 7162 filed 11/15/12 in the Northern District of California. [Upon

information and belief at least a portion of this case is on appeal to this Court. *See,*

*e.g., In re: Indirect Plaintiff Class, et al. v. LG Display Co., Ltd., et al.,* Ninth Cir.

Case No. 12-16830.]


|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| Dated: | May 29, 2013 | SULLIVAN, HILL, LEWIN, REZ & ENGEL |
|  |  | By:   */s/ Donald G. Rez*<br>Donald G. Rez<br>Co-Lead Counsel for Plaintiff Class |
| Dated: | May 29, 2013 | HULETT HARPER STEWART LLP |
|  |  | By:   */s/ Dennis Stewart*<br>Dennis Stewart<br>Co-Lead Counsel for Plaintiff Class |

EXHIBIT A

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

8
9

SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| MICHAEL SHAMES; GARY GRAMKOW, on behalf of themselves and on behalf of all persons similarly situated, | Case No. 01cv02174-MMA(WMc) |
| Plaintiffs, | **DECLARATION OF STEFANIE C. GARDELLA RE: FRAP RULE 7 MOTION** |
| v. | |
| THE HERTZ CORPORATION, et al., | |
| Defendants. | |

19
20  I, **STEFANIE C. GARDELLA**, declare:

21          1.      I am a Senior Consultant at Kurtzman Carson Consultants LLC ("KCC"),

22  located at 75 Rowland Way, Suite 250, Novato, California.  I am over 21 years of age

23  and am not a party to this action.  I have personal knowledge of the facts set forth herein

24  and, if called as a witness, could and would testify competently thereto.

25          2.      KCC was retained by the Parties and appointed by the Court "to supervise

26  and administer the notice procedure as well as the processing of claims" in this case.

27  Among other things KCC was charged with making "reasonable efforts to identify all

28  Class Members based on the rental data provided by the Rental Car Defendants as set

1  forth in the Stipulation [of Settlement]" cause email, direct mail and publication Notice to
2  be completed as well as "distributing the benefits of the Stipulation to Class Members".
3      3.      KCC was asked by Class Counsel to search the claims database and
4  determine which, if any, of the objectors currently prosecuting appeals have filed Claim
5  Forms. We thoroughly reviewed the relevant data which we maintain as Class
6  Administrator and find no record of claims having been filed for Andrew Cesare, Gordon
7  Hansmeier, Thomas Lavery, or Cery Perle. Franklin DeJulius filed a late (and
8  consequently denied) claim which indicates an address in Sagamore Hills, Ohio. Class
9  Member Gary Bishop's address and ID Number were not provided on his
10 Objection. There are seven (7) records for Class Members with the name of Gary Bishop
11 in the rental car transaction database and one claim was filed for Gary Bishop residing in
12 Bardstown, Kentucky (for whom there were two records in the database). We do not
13 have sufficient information to determine whether that claimant is the objector.
14     4.      Also at the request of Class Counsel, we searched the Rental Car transaction
15 databases for information to determine whether they reflect residence information with
16 regard to the objectors noted below. The information reflected under those names is as
17 follows: Andrew Cesare, Solana Beach, California; Gordon Hansmeier, Saint Cloud,
18 Minnesota; Thomas Lavery, Tinley Park, Illinois; and Cery Perle, Palm Desert,
19 California. The information for the records for the Gary Bishops in the database indicate,
20 in addition to the Gary Bishop from Bardstown Kentucky who filed a claim, "Gary
21 Bishops" from Phoenix, Arizona, Odessa, Texas, Saginaw, Michigan, Milford,
22 Massachusetts, and Truckee, California.
23 I declare under penalty of perjury pursuant to the laws of the State of California that the
24 foregoing is true and correct to the best of my knowledge and that this declaration was
25 executed this 13th day of May 2013 at Novato, California.
26
27                                    Stefanie C. Gardella
28                                    Stefanie C. Gardella

# EXHIBIT B

Case3:07-md-01827-SI   Document7162   Filed11/15/12   Page1 of 69

1  Francis O. Scarpulla (41059)
   Craig C. Corbitt (83251)
2  Judith A. Zahid (215418)
   Patrick B. Clayton (240191)
3  Qianwei Fu (242669)
   Heather T. Rankie (268002)
4  ZELLE HOFMANN VOELBEL & MASON LLP
   44 Montgomery Street, Suite 3400
5  San Francisco, CA 94104
   Telephone: (415) 693-0700
6  Facsimile: (415) 693-0770
   fscarpulla@zelle.com
7
   Joseph M. Alioto (42680)
8  Theresa D. Moore (99978)
   ALIOTO LAW FIRM
9  225 Bush Street, 16th Floor
   San Francisco, CA 94104
10 Telephone: (415) 434-8900
   Facsimile: (415) 434-9200
11 jmalioto@aliotolaw.com

12 Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs

13 [Additional counsel listed on signature pages]

14

15                    UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                       SAN FRANCISCO DIVISION

18 IN RE TFT-LCD (FLAT PANEL)        )   Case No. 3:07-MD-1827 SI
   ANTITRUST LITIGATION              )   MDL No. 1827
19                                   )
   _____ )
20                                   )   INDIRECT-PURCHASER PLAINTIFFS'
   This Document Relates to:         )   AND SETTLING STATES' JOINT
21                                   )   RESPONSE TO OBJECTIONS TO
   Indirect-Purchaser Class Action;  )   COMBINED CLASS, PARENS PATRIAE,
22                                   )   AND GOVERNMENTAL ENTITY
   State of Missouri, et al. v. AU Optronics )   SETTLEMENTS WITH AUO, LG
   Corporation, et al., Case No. 10-cv-3619; )   DISPLAY, AND TOSHIBA
23                                   )   DEFENDANTS
   State of Florida v. AU Optronics Corporation, )
24 et al., Case No. 10-cv-3517; and  )   Hearing Date: November 29, 2012
                                     )   Time: 3:30 p.m.
25 State of New York v. AU Optronics Corporation, )   Courtroom: 10, 19th Floor
   et al., Case No. 11-cv-0711.      )
26                                   )   The Honorable Susan Illston
                                     )
27 _____ )

28

_____
      INDIRECT-PURCHASER PLAINTIFFS' & SETTLING STATES' JOINT RESPONSE TO OBJECTIONS TO
      COMBINED CLASS, PARENS PATRIAE, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI

Case3:07-md-01827-SI  Document7162  Filed11/15/12  Page13 of 69

1   failure to comply with two court orders requiring him to post an appellate bond of $70,650 or

2   dismiss his appeal where his "objections to the settlement [were] lacking in merit." *Embry v.*

3   *ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 3777163 (N.D. Cal. Aug. 29, 2012), and Dkt.

4   265, at 3 (July 31, 2012) (Clayton Decl. Ex. 15).

5       Numerous examples of cases in which Palmer and Bandas have filed objections and

6   dismissed, abandoned, or withdrawn the objections or appeals without attaining settlement changes

7   or additional benefits for the class are detailed in Appendices A–B.  Likewise, many of the other

8   objectors have been harshly criticized.  *See, e.g., In re Checking Account Overdraft Litig.*, 830 F.

9   Supp. 2d 1330, 1361 n.30 (S.D. Fla. 2011) (discussing objections for Fortman and others: "most if

10  not all of the Objections are motivated by things other than a concern for the welfare of the

11  Settlement Class.  Instead, they have been brought by professional objectors and others whose sole

12  purpose is to obtain a fee by objecting to whatever aspects of the Settlement they can latch onto.").

13      Examples of selected settlement objections by and/or selected judicial criticism of

14  attorneys Lavery, Langone, and Pridham; Bacharach, Miller, Fortman, Kress, Kessinger, and

15  Cochran are detailed in Appendices C–I, respectively.  Finally, objectors Schulte, Pridham (a/k/a

16  Kane), Paul, Rest, and Santana serially object to settlements and their past objections are listed in

17  Appendices J–N, respectively.

## III.  ARGUMENT

### A.   The Fact That Few Objections Were Received Supports Approval of The Proposed Settlements

20      The comprehensive notice plan executed by the IPPs and the Settling States reached

21  millions of consumers of the TVs, laptop computers, and notebook computers containing

22  defendant-made LCD panels that are the subject of these actions.  *See generally* Kinsella Decl.

23  Out of this massive group of class members and residents of those States pursuing *parens patriae*

24  claims, only 11 objections were received.  Under these circumstances, the Court may appropriately

25  infer that the Proposed Settlements are fair, reasonable, and adequate when so few objections are

26  made.  *See, e.g., Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977); *see also*

27  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291-96 (9th Cir. 1992); *Nat'l Rural Telecomm.*

28

8

**This Document Contains the Following Appendices:**

**Attorneys**

**Appendix A** – Examples of Cases in Which Darrell Palmer Has Filed Objections and Dismissed, Abandoned or Withdrawn the Objections or Appeal Without Attaining Settlement Changes or Additional Benefits for the Class

**Appendix B** – Examples of Cases in Which Christopher Bandas Has Filed Objections and Dismissed, Abandoned or Withdrawn the Objections or Appeal Without Attaining Settlement Changes or Additional Benefits for the Class

**Appendix C** – Objections to Settlements Filed by Mark Lavery, Christopher V. Langone and/or Grenville Pridham, and Other Selected Judicial Criticism

**Appendix D** – Selected Objections to Settlements and Related Appeals Filed by N. Albert Bacharach

**Appendix E** – Selected Objections to Settlements and Related Appeals Filed by Steve A. Miller

**Appendix F** – Objections to Settlements Filed by Jonathan E. Fortman

**Appendix G** – Objections to Settlements Filed by John C. Kress

**Appendix H** – Objections to Settlements Filed by J. Scott Kessinger

**Appendix I** – Objections to Settlements Filed by George W. Cochran

**Objectors**

**Appendix J** – Objections to Settlements by Mark Schulte

**Appendix K** – Objections to Settlements by Andrea Pridham

**Appendix L** – Objections to Settlements by Alison Paul

**Appendix M** – Objections to Settlements by Stefan Rest

**Appendix N** – Objections to Settlements by Luis Mario Santana

Case3:07-md-01827-SI   Document7162   Filed11/15/12   Page49 of 69

**APPENDIX C**
**Objections to Settlements Filed by Mark Lavery, Christopher V. Langone and/or Grenville Pridham,**
**and Other Selected Judicial Criticism**

| Case | Counsel and Client(s) | Notes |
|---|---|---|
| *In re Ferrero Litig.* (S.D. Cal., No. 11-cv-00205-H-KSC) | Grenville Pridham, Mark Lavery and Christopher V. Langone representing Courtney Drey and Andrea Pridham | Objection filed 6/8/12 to the settlement of this false-advertising class action involving Nutella. On 7/9/12, the court overruled the objections (including one by Michael E. Hale, represented by Christopher Bandas) and granted final approval of the settlement; Drey and Pridham appealed on 8/7/12; Hale appealed two days later. |
| *In re Nutella Marketing and Sales Practices Litig.* (S.D. Cal., No. 11-cv-205-H-CAB) | Christopher V. Langone representing Agatha Bochenek, Edward Hegele and Brandon Goodman | Objections filed 6/8/12. Final approval was granted on 7/31/12; Langone appealed this on 8/29/12.<br><br>Plaintiffs filed a motion on 10/1/12 requesting that Langone's clients and several other objectors post a collective appellate bond of $42,500. Plaintiffs' reply in support of the motion was filed 11/7/12. |
| *In re Groupon Marketing and Sales Practices Litig.* (S.D. Cal., No. 11-cv-205-H-CAB) | Grenville Pridham, Mark Lavery and Christopher V. Langone representing Andrea Pridham | Objection filed 7/27/12. |
| *In re Online DVD Rental Antitrust Litig.* (N.D. Cal., MDL No. 2029) | Grenville Pridham, Mark Lavery and Christopher V. Langone representing John Sullivan | After previously objecting, Sullivan filed a notice of appeal on 4/30/12.<br><br>The Sullivan appeal was consolidated with others, and Sullivan filed his appellate reply brief on 11/9/12. |
| *In re Classmates.com Consol. Litig.* (W.D. Wash., No. CV 09-45 RAJ) | Mark Lavery representing Christopher V. Langone | Objection filed 12/7/11.<br><br>On 1/13/12, Langone filed a motion for $180,000 in attorneys' fees and a $50,000 service award. In denying the motion on 6/15/12, the court stated: "Mr. Langone and his counsel appear to be convinced that their efforts led to the improvements in the settlement. They are mistaken. . . . Mr. Langone . . . did more to slow this litigation than to improve results for class members. . . . Mr. Langone's objections did not contribute significantly to obtaining any benefit for the class. [¶] Finally, the court observes that Mr. Langone's request for a $50,000 participation award is |

1

| Case | Counsel and Client(s) | Notes |
|---|---|---|
| | | egregious.  The court has already declined to award as little as $2,500 to [the class representatives], although they have had some involvement in this case from its outset.  Mr. Langone overreaches wildly by requesting twenty times as much for his participation."  Dkt. No. 211, slip op. at 14-15.<br><br>Langone filed a notice of appeal on 7/16/12, along with a motion for sanctions against plaintiffs' counsel.  On 8/23/12, Langone withdrew the motion for sanctions and filed a motion to voluntarily dismiss his appeal.  The Ninth Circuit granted the latter on 8/27/12. |
| *Hall v. AT&T Mobility* (D.N.J., No. 07-5325 (JLL)) | Mark Lavery representing Christopher V. Langone | From order granting final approval, awarding attorneys' fees and overruling objections, 2010 WL 4053547, at *5 n.6 (D.N.J. Oct. 13, 2010):<br><br>"Although the Court allowed attorney Mark Lavery to make arguments on behalf of Objector Langone during the fairness hearing in this matter, Mr. Lavery's eligibility to practice before this Court later became an issue.  By way of Order dated July 22, 2010, this Court's Order conditionally admitting Mr. Lavery *pro hac vice* was vacated, Mr. Lavery's motion for *pro hac* admission was denied and all arguments raised by Mr. Lavery at the fairness hearing were stricken from the record.  *See Docket Entry No. 570.*  A motion for reconsideration of this Court's decision is currently pending before the Court.  In the interest of justice, the Court has, in any event, considered the arguments raised by Mr. Lavery on behalf of Objector Langone in assessing the fairness of the Class settlement."<br><br>On 11/12/10, Langone appealed the final approval and fee orders, and on 12/22/10, the order denying his motion for reconsideration of the order vacating his *pro hac vice* admission.  On 9/14/11, the Third Circuit dismissed the two appeals pursuant to a stipulation between the parties. |
| *Ercoline v. Unilever United States, Inc.*, No. 10-cv-1747-SRC (D.N.J) | Christopher V. Langone representing Cassandra Sabota | On 10/19/10, Langone filed a motion to reconsider the order preliminarily approving this settlement.  The court denied this motion on 12/7/10, and on 3/21/11, granted final approval.  Langone appealed this on 4/20/11, and stipulated to dismiss the appeal on 10/28/11. |
| *Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 881-82 (7th Cir. 2000) | | Langone represented a plaintiff (rather than an objector) in this class action.  The Seventh Circuit reversed the order of the trial court approving settlement, stating:<br><br>"All questions of notice and opt-out aside, the settlement is substantively |

2

Case3:07-md-01827-SI   Document7162   Filed11/15/12   Page51 of 69

| Case | Counsel and Client(s) | Notes |
|------|----------------------|-------|
|  |  | troubling. Crawford and his attorney [Langone] were paid handsomely to go away; the other class members received nothing (not even any value from the $5,500 'donation') and lost the right to pursue class relief. By agreeing to a class definition so broad that it included anyone who was sent a letter 'similar' to the one he had received, Crawford consented to a class of approximately 214,000 members, which ensured that none could recover much-recall that the cap under § 1692k(a)(2)(B)(ii) is $500,000, implying a maximum award of $2.34 apiece, and if Equifax's net worth is less than $50 million then the cap is even lower."<br><br>"[M]ost of the money went to [Langone]." |

Appendix C - Objections to Settlements Filed by Mark Lavery, Christopher V. Langone and/or Grenville Pridham, and Other Selected Judicial Criticism

Appeal Nos. 12-57026, 12-57205, 12-57211

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| Appeal No. 12-57026 | Appeal No. 12-57205 |
|---|---|
| MICHAEL SHAMES; et al., <br>     Plaintiffs – Appellees, <br> v. <br> GORDON HANSMEIER, <br>     Objector – Appellant, <br> v. <br> HERTZ CORPORATION, INC., et al., <br>     Defendants – Appellees. | MICHAEL SHAMES; et al., <br>     Plaintiffs – Appellees, <br> v. <br> ANDREW CESARE; CERY PERLE; GARY BISHOP; FRANK DEJULIUS, <br>     Objectors - Appellants, <br> v. <br> HERTZ CORPORATION, INC., et al., <br> <br>     Defendants – Appellees |

Appeal No. 12-57211

MICHAEL SHAMES; et al.,
    Plaintiffs – Appellees,
v.
THOMAS J. LAVERY,
    Objector – Appellant,
v.
HERTZ CORPORATION, INC., et al.,
    Defendants – Appellees.

On Appeal From the United States District Court for the Southern District of California – The Honorable Michael M. Anello, Case No. 07-CV-2174-MJMA(WMC)

## PROOF OF SERVICE

Sullivan, Hill, Lewin, Rez & Engel
A Professional Law Corporation
  Donald G. Rez, SBN 82615
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone:  (619) 233-4100
Facsimile:    (619) 231-4372
rez@sullivanhill.com
*Co-Lead Counsel for Class Plaintiffs-Appellees*

Hulett Harper Stewart LLP
  Dennis Stewart (99152)
225 Broadway, Suite 1350
San Diego, CA  92101
Telephone:  (619) 338-1133
Facsimile:    (619) 338-1139
dstewart@hulettharper.com
*Co-Lead Counsel for Class Plaintiffs-Appellees*

1

IT IS HEREBY CERTIFIED THAT:

I, JENNIFER SAURER, am a citizen of the United States and am at least eighteen years of age. My business address is 550 West "C" Street, Suite 1500, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of the following documents:

1. **MOTION TO DISMISS LAVERY APPEAL NO. 12-57211 AND MOTION FOR DETERMINATION THAT APPEAL IS FRIVOLOUS AND OPPOSITION TO MOTION TO REMAND**

2. **APPELLEES – CLASS PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS LAVERY APPEAL NO. 12-57211 AND MOTION FOR DETERMINATION THAT APPEAL IS FRIVOLOUS AND OPPOSITION TO MOTION TO REMAND**

on the parties by electronically filing the foregoing with the Clerk for the Ninth Circuit using its ECF System, which electronically notified them as noted on the attached Service List.

I further certify that the following on the attached list have been served via U.S. First Class Mail.

**SEE ATTACHED SERVICE LISTS**

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 30, 2013.

_Jennifer Saurer_
Jennifer Saurer

352806-v1

# SERVICE LIST

## Michael Shames, et al. v. Gordon Hansmeier
## Michael Shames, et al. v. Bishop, et al.
## Michael Shames, et al. v. Thomas J. Lavery
### Case Nos. 12-57026, 12-57205, 12-57211

**ECF SYSTEM**
**ADDRESSEE**

Catherine Tara Broderick
JONES DAY
50th Floor
555 South Flower Street
Los Angeles, CA 90071
Email: cbroderick@jonesday.com

Paul R. Hansmeier
Class Action Justice Institute, LLC
40 South Seventh Street, Suite 212-313
Minneapolis, MN 55402
(612) 234-5744

W. Scott Cameron
Dale C. Campbell
Scott M. Plamondon
WEINTRAUB GENSHLEA CHEDIAK
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
Email: wcameron@weintraub.com

Lisa W. Chao
AGCA - OFFICE OF THE CALIFORNIA ATTORNEY GENERAL (LA)
Suite 1702
300 South Spring Street
Los Angeles, CA 90013
Email: lisa.chao@doj.ca.gov

3

352806-v1

## ADDRESSEE

Mark T. Cramer
KIRKLAND & ELLIS LLP
Suite 3400
333 South Hope Street
Los Angeles, CA 90071
Email: mcramer@kirkland.com

Jonathan Jeffrey Faria
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Email: jonathan.faria@kirkland.com

Robert C. Fellmeth
UNIVERSITY OF SAN DIEGO SCHOOL OF LAW
Childrens's Advocacy Institute
5998 Alcala Park
San Diego, CA 92110
Email: cpil@sandiego.edu

Joseph Goldberg
Freedman Boyd Hollander Goldberg Ives & Duncan, P.A.
20 First Plaza
Suite 700
Albuquerque, NM 87102
Email: jg@fbdlaw.com

Kirk B. Hulett
Hulett Harper Stewart LLP
Suite 760
525 B Street
San Diego, CA 92101
Email: kbh@hulettharper.com

4

## ADDRESSEE

Jeffrey Alan LeVee
JONES DAY
50th Floor
555 South Flower Street
Los Angeles, CA 90071
Email: jlevee@jonesday.com

Beatrice B. Nguyen
Crowell & Moring, LLP
Embarcadero Center West
23rd Floor
275 Battery St.
San Francisco, CA 94111
Email: bbnguyen@crowell.com

Charles L. Post
Weintraub Genshlea Chediak Tobin & Tobin Law Corporation
11th Floor
400 Capitol Mall
Sacramento, CA 95814
Email: cpost@weintraub.com

Jennifer S. Romano
Crowell & Moring, LLP
40th Floor
515 South Flower Street
Los Angeles, CA 90071
Email: jromano@crowell.com

John H. Stephens
MULVANEY BARRY BEATTY LINN & MAYERS LLP
401 West A Street
17th Floor
San Diego, CA 92101-9707
Email: jstephens@mulvaneybarry.com

5

## ADDRESSEE

Dennis Stewart
Hulett Harper Stewart LLP
Ste 1600
525 B Street
San Diego, CA 92101
Email: dennis@hulettharper.com

Tammy Tsoumas
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Email: tammy.tsoumas@kirkland.com

Michael Frederick Tubach
O'Melveny & Myers LLP
28th Floor
Two Embarcadero Center
San Francisco, CA 94111-3305
Email: mtubach@omm.com

David H. Urias
Freedman Boyd Hollander Goldberg Ives & Duncan, P.A.
20 First Plaza
Suite 700
Albuquerque, NM 87102
Email: dhu@fbdlaw.com

Kathleen P. Wallace
JONES DAY
50th Floor
555 South Flower Street
Los Angeles, CA 90071
Email: kpwallace@jonesday.com

6

352806-v1

| ADDRESSEE |
|---|
| Corey C. Watson<br>KIRKLAND & ELLIS LLP<br>29th Floor<br>333 South Hope Street<br>Los Angeles, CA 90071<br>Email: corey.watson@kirkland.com |
| Christopher A. Bandas<br>Bandas Law Firm, P.C.<br>500 N. Shoreline, Suite 1020<br>Corpus Christi, Texas 78401-0353 |
| Joseph Darryl Palmer<br>Law Offices of Darryl Palmer<br>603 North Highway 101, Suite A<br>Solana Beach, CA  92705<br>Email: Darrell.palmer@palmerlegalteam.com |
| Thomas Lavery<br>9200 West 174th Street<br>Tinley Park, IL 60487<br>Email:  Tjltinley@gmail.com |

352806-v1

**U.S. MAIL**

Gregory D. Call
Crowell & Moring, LLP
Embarcadero Center West
23rd Floor
275 Battery St.
San Francisco, CA 94111
Email:  gcall@crowell.com

Dale C. Campbell
Weintraub Genshlea Chediak Tobin & Tobin Law Corporation
11th Floor
400 Capitol Mall
Sacramento, CA 95814

Scott M. Plamondon
Weintraub Genshlea Chediak Law Corporation
11th Floor
400 Capitol Mall
Sacramento, CA 95814
Email:  splamondon@weintraub.com

Michael L. Weiner
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Christopher Langone, Esq.
Law Office of Christopher Langone
207 Texas Lane
Ithaca, NY 14850
(607) 592-2661
Email: langonelaw@gmail.com

8

352806-v1