NO. 12-57026
Consolidated with NOS. 12-57205, 12-57211

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MICHAEL SHAMES and GARY GRAMKOW,
*on behalf of themselves and all persons similarly situated*,
*Plaintiffs-Appellees*,

v.

GORDON HANSMEIER,
*Objector-Appellant*,

v.

HERTZ CORPORATION; DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.; AVIS BUDGET GROUP, INC.; VANGUARD CAR RENTAL USA INC.; ENTERPRISE RENT-A-CAR COMPANY; FOX RENT A CAR, INC.; COAST LEASING CORP.; THE CALIFORNIA TRAVEL AND TOURISM COMMISSION,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the Southern District of California, No. 3:07-cv-02174-MMA-WMC

**Response of Appellant Hansmeier in Opposition to Plaintiff-Appellees' Motion to Dismiss the Appeal of Gordon Hansmeier, No. 12-57026**

Nathan A. Wersal
CLASS ACTION JUSTICE INSTITUTE, LLC
40 S. 7th St., Ste. 212-313
Minneapolis, MN 55402
763-257-9219
nawersal@classjustice.org
*Attorney for Objector–Appellant Gordon Hansmeier*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

Introduction ................................................................................................................... 1

Argument ....................................................................................................................... 3

I.     Summary Dismissal is Inappropriate Because Movants Fail to Argue that Hansmeier's Appeal is Insubstantial or Outside the Court's Jurisdiction ............ 3

II.    Dismissal or Imposition of Other Sanctions Under FRAP 38 is Inappropriate Because Movants Fail to Argue That Hansmeier's Appeal—or his Objection Below—is Frivolous ...................................................... 4

III.   Dismissal or Imposition of Other Sanctions by Analogy to Rule 11 is Inappropriate Because the District Court Has Already Denied Movants' Request for Sanctions Against Hansmeier ................................................................ 6

IV.   Dismissal Under FRAP 3(a)(2) or FRAP 46 is Inappropriate Because Movants' Allegations Regarding the Conduct and Qualifications of Appellant's Former Counsel Are Moot Due to the Substitution of New Appellate Counsel ................................................................................................. 10

CONCLUSION ............................................................................................................ 12

PROOF OF SERVICE ................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Beaudry Motor Co. v. Abko Props., Inc.*, 780 F.2d 751 (9th Cir. 1986) ................................... 9

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ......................................................... 9

*In re Am. President Lines, Inc.*, 779 F.2d 714 (D.C. Cir. 1985) ............................................. 4

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) ............................... 5

*In re So. Cal. Sunbelt Developers, Inc.*, No. 06-00270, 2009 WL 2138490
  (C.D. Cal. July 15, 2009) ........................................................................................ 6

*Karam v. City of Burbank*, 352 F.3d 1188 (9th Cir. 2003) ....................................................... 4

*Lyddon v. Geothermal Prop., Inc.*, 996 F.2d 212 (9th Cir. 1993) ............................................. 6

*McConnell v. Critchlow*, 661 F.2d 116 (9th Cir. 1981) ............................................................. 4

*Vollmer v. Seldin*, 350 F.3d 656 (7th Cir. 2003) ...................................................................... 8

**Rules**

9th Cir. R. 3-6 ................................................................................................................................ 3

9th Cir. R. 46(a) ........................................................................................................................... 11

9th Cir. R. 46-1.2 ......................................................................................................................... 11

Fed. R. App. P. 3(a)(1) ................................................................................................................ 9

Fed. R. App. P. 3(a)(2) ................................................................................................................ 10

Fed. R. App. P. 38 ............................................................................................................. 4, 5, 6, 7

Fed. R. App. P. 4(a)(1)(a) ............................................................................................................ 9

Fed. R. App. P. 4(a)(3) ................................................................................................................ 9

Fed. R. App. P. 46 .......................................................................................................... 10

Fed. R. Civ. P. 11 ............................................................................................................ 6

Fed. R. Civ. P. 23(e)(5) ................................................................................................... 8

## Introduction

Appellant Gordon Hansmeier respectfully submits this response memorandum of law in opposition to the motion to dismiss his appeal filed on May 30, 2013 by the Plaintiff-Appellees. (App. Dkt. No. 59-1.)[1] Hansmeier[2] opposes the dismissal of this appeal on all grounds raised by Movants.

As Movants' briefing makes clear, the main "subject of this motion" is "[t]he conduct of Paul Hansmeier," an attorney who formerly acted as counsel of record for Appellant. (*Id.* at 7.) Paul Hansmeier has now been substituted by the undersigned and is not prosecuting this appeal. As such, the subject-matter of Plaintiff-Appellees' motion is largely moot, as is their specific request that Hansmeier's appeal be dismissed because it is not being "prosecuted by an attorney in good standing before this Court." (*Id.* at 3–4, 19–20.)

---

[1] "App. Dkt." refers to the appellate docket. "Dkt." refers to the underlying district court docket. "ER" refers to the Consolidated Excerpts of Record in three volumes filed by Appellant Hansmeier with his Opening Brief, where appropriate.

[2] The term "Hansmeier" is consistently used herein to refer to Appellant Gordon Hansmeier, and not to his former appellate counsel of record, Paul Hansmeier. This clarification is necessary because Movants have inconsistently used the term "Hansmeier" to refer to former counsel of record Paul Hansmeier rather than to Appellant. (*See, e.g.*, App. Dkt. No. 59-1, at 2, 3 (distinguishing "objector Gordon Hansmeier" from "Hansmeier"), 3 n.4 (referencing a case not involving Gordon Hansmeier), 7, 10 (same), 11 n.14 (same), 12 (unclear), 13, 15–16 (unclear), 18 n.20.) As of May 31, 2013, the undersigned has substituted for former counsel of record Paul Hansmeier in this matter so that Appellant Hansmeier's arguments on the merits may be considered without further linguistic or legal confusion.

Movants' remaining arguments for dismissal are largely unargued—they fail to assert that the appeal raises insubstantial questions, that this Court lacks jurisdiction, or that the appeal is frivolous under FRAP 38. Even where Movants argue their motion, asserting that the Court should dismiss by analogy to Rule 11, they fail to note that this issue was already decided by the district court, which denied Movants' previous request for sanctions against Hansmeier under Rule 11 and its inherent powers for the same alleged conduct. (Dkt. No. 345, at 3 & n.2; Dkt. No. 343, at 21–23.) The district court did not adopt Movants' theory of sanctionable conduct, and its order denying sanctions contained no findings of fact sufficient for this Court to impose sanctions under its own inherent powers. The district court's denial of sanctions is not an issue validly raised on appeal here, the timeframe for appealing the denial has lapsed, and Movants fail to argue that the denial was an abuse of discretion. In sum, Movants improperly attempt to relitigate an issue that was already decided below with finality.

For all of the above reasons, Appellant Hansmeier respectfully opposes dismissal of his appeal, and the Court should deny the motion in its entirety.

**Argument**

I. **Summary Dismissal is Inappropriate Because Movants Fail to Argue that Hansmeier's Appeal is Insubstantial or Outside the Court's Jurisdiction.**

As a preliminary matter, Movants fail to argue that their motion to dismiss meets this Court's standards for summary dismissal of civil appeals. Ninth Circuit Rule 3-6, "Summary Disposition of Civil Appeals," provides the relevant standards for decision. Under that rule, the Court may summarily dismiss a civil appeal only if it determines: (a) that clear error, an intervening court decision, or recent legislation requires summary disposition; (b) that, after affording the parties an opportunity to show cause, "it is manifest that the questions on which the decision in the appeal depends are so insubstantial as not to justify further proceedings"; or (c) that the appeal is not within its jurisdiction. 9th Cir. R. 3-6.

Movants fail to argue that Hansmeier's appeal is "so insubstantial as not to justify further proceedings" or that it is outside the Court's jurisdiction. Indeed, Movants do not invoke or reference Circuit Rule 3-6 at any point in their motion. (*See generally* App. Dkt. No. 59-1.) Summary dismissal under that rule is therefore inappropriate.

## II. Dismissal or Imposition of Other Sanctions Under FRAP 38 is Inappropriate Because Movants Fail to Argue That Hansmeier's Appeal—or his Objection Below—is Frivolous.

The main thrust of Movants' briefing is their suggestion that the Court should dismiss Hansmeier's appeal under FRAP 38. (*See* App. Dkt. No. 59-1, at 8, 12, 15–19.) Movants acknowledge that FRAP 38 controls "frivolous" appeals, and that this Court has defined a "frivolous" appeal as one that wholly lacks merit. (*See id.* at 16–17.) Nevertheless, Movants fail to make any argument that Hansmeier's appeal is frivolous. (*See generally id.*) The failure to allege frivolity, in conjunction with the voluminous record evidence showing that neither Hansmeier's appeal nor his objection below is frivolous, makes dismissal or other sanctions under FRAP 38 inappropriate here.

FRAP 38 provides: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38; *see also In re Am. President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985). The application of FRAP 38 therefore depends on a determination that the appeal is frivolous. This Court has ruled that a "case may be deemed frivolous only when the 'result is obvious or the … arguments of error are wholly without merit.'" *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (quoting *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981)).

There is a good reason why Movants might have declined to argue that either this appeal or Hansmeier's objection below are "frivolous" within the meaning of FRAP 38—namely, that there is extensive record evidence to the contrary. The district court acknowledged that Hansmeier's objection was "by far the most lengthy objection to the class settlement and attorneys' fee request," and spent more than six full pages of its final approval order addressing arguments raised by Hansmeier. ER 11 n.8, 19–23, 25–26, 33–34 & n.18. Hansmeier further submitted a reply brief in support of his objection (ER 119–140), which, despite being rejected on procedural grounds (ER 19 n.11), nevertheless was addressed on its merits by the district court (*e.g.*, ER 11 n.8, 33–34 n.18). Indeed, at the final approval hearing, both the district court and the settling parties devoted extensive time and energy to addressing points raised by Hansmeier. ER 55–56, 57, 60, 65, 70–72, 73, 76–78, 80–81, 82–84. Above all, Hansmeier's opening merits brief, which argues important points of law regarding class action practice related to those vindicated by this Court in *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011), speaks to the seriousness of his legal arguments on appeal. On this record, it is not possible to seriously argue that Hansmeier's objection, or his appeal, have an obvious result or are wholly without merit. Because neither Hansmeier's objection nor his appeal are "frivolous" within the meaning of FRAP 38, the Court should not order dismissal or other sanctions under that rule.

### III. Dismissal or Imposition of Other Sanctions by Analogy to Rule 11 is Inappropriate Because the District Court Has Already Denied Movants' Request for Sanctions Against Hansmeier.

Although Movants decline to argue that Hansmeier's appeal is frivolous, they instead argue that appellate sanctions under FRAP 38 may be extended beyond the realm of frivolous filings to encompass the "improper purpose" prong of FRCP 11. (App. Dkt. No. 59-1, at 16–19.) Ultimately, however, this is merely an attempt to relitigate issues that have already been decided with finality by the district court, which declined to impose sanctions against Hansmeier under Rule 11 or its inherent powers for the same alleged conduct. The Court cannot and should not disturb that decision.

To be sure, FRAP 38 does indeed encompass "the principles governing the interpretation of Rule 11." *Lyddon v. Geothermal Prop., Inc.*, 996 F.2d 212, 214 (9th Cir. 1993); *see also In re So. Cal. Sunbelt Developers, Inc.*, No. 06-00270, 2009 WL 2138490, at *1 (C.D. Cal. July 15, 2009). But the Movants already had their bite at this apple. In their response to Hansmeier's objection below, the Movants asked the district court to impose sanctions against Hansmeier under Rule 11 and the court's inherent powers. (Dkt. No. 343, at 21–23.) The district court summarily denied Movants' request on procedural grounds, because it did not comply with Rule 11's separate-motion requirement. (Dkt. No. 345, at 3 n.2.) However, the district court further instructed Movants to "not interpret this as an invitation or suggestion that a formal motion be filed." (*Id.*) Movants have identified no new conduct in this appeal that

they believe is sanctionable; the only conduct complained of in the instant motion to dismiss is that which the district court declined to sanction.

Furthermore, the district court made no findings of fact which this Court may independently apply to impose sanctions under FRAP 38 or its inherent powers, as Movants contend. (*See* App. Dkt. No. 59-1, at 18–19.) The district court never made a statement—let alone a finding—that Appellants' conduct, or the conduct of his counsel, was sanctionable. (*See generally* Dkt. No. 345.) The closest the district court came to such a finding was to call Paul Hansmeier's conduct "bold and improper," and "arguably inappropriate." (*Id.* at 5 & n.4.) The district court did not endorse Movants' theory of sanctionable conduct; it merely stated that Movants had a "plausible interpretation" of the underlying events, and that their theory for sanctions was "not such a wild notion." (*Id.* at 5 n.4.) This is hardly a ringing endorsement.

Indeed, while Movants take it as obvious and "clear from the record" that Hansmeier's objection was filed for an improper purpose (App. Dkt. No. 59-1, at 18), this is far from a self-evident proposition. After all, Movants allege that the sanctionable conduct supposedly committed by Paul Hansmeier was an attempt to solicit "hush money" in return for *not filing* an objection. (*Id.* at 8.) In contrast, the signed paper that would be relevant to Rule 11 sanctions—the objection *filed* in the district court—could not have been filed for this improper purpose. When Hansmeier filed his objection in the district court, it became an indelible part of the record that could not be voluntarily withdrawn without prior court approval. *See* Fed. R. Civ. P.

7

23(e)(5). It was therefore logically impossible for Hansmeier's objection to be filed for the improper purpose of receiving "hush money"—because his public filing ensured that his substantive arguments could no longer be "hushed," and would necessarily benefit the district court's decision-making process.[3] Movants note, ominously, that if they had "acceded to the demand, Hansmeier's objections would never have come to the attention of the district court"—but they simultaneously turn around and use this as the basis for a motion to prevent the merits of Hansmeier's objections from coming to the attention of *this* Court on appeal. If millions of dollars in class funds were not at stake, the irony might be amusing.

Furthermore, the district court's denial of Rule 11 sanctions against Hansmeier is not a valid issue on appeal that may be properly reviewed by this Court. The instant appeal is *not* an appeal from the order in which the district court declined to impose sanctions against Hansmeier (Dkt. No. 345), but instead is an appeal from the district court's separate order approving the class action settlement and awarding attorneys' fees to class counsel. *See* ER 1–41; ER 46. Until the filing of the instant motion to dismiss, no party suggested that the district court's denial of Rule 11 sanctions was in error. Despite ample opportunity, neither Movants nor any other party has filed a notice of appeal from that denial, and more than thirty days have passed since the

---

[3] Movants' citation of *Vollmer v. Seldin*, 350 F.3d 656 (7th Cir. 2003) is not to the contrary. That decision concerned a motion to intervene, not an objection to a settlement, and most importantly did not take into account the 2003 amendments to Rule 23 which prohibit the withdrawal of objections absent prior court approval.

8

district court entered judgment in the underlying action on November 5, 2012. The order denying Rule 11 sanctions against Hansmeier is thus a final order which is not reviewable by this Court. *See* Fed. R. App. P. 3(a)(1); 4(a)(1)(a); 4(a)(3); *Beaudry Motor Co. v. Abko Props., Inc.*, 780 F.2d 751, 753–56 (9th Cir. 1986) (failure to file notice of appeal within the time period prescribed by FRAP 4(a) forecloses appellate review of those issues).

Even if the district court's denial of Rule 11 sanctions against Hansmeier was a valid issue on appeal—which it is not—Movants wholly failed to give this Court the compelling reasons it would need to disturb the district court's decision under the deferential abuse-of-discretion standard. "The issues involved in determining whether an attorney has violated Rule 11 … involve fact-intensive, close calls." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990) (internal quotation omitted). For this reason, the U.S. Supreme Court has ruled that all aspects of Rule 11 proceedings are to be reviewed by appellate courts under a deferential abuse-of-discretion standard. *See id.* at 405. At no point in their twenty-page motion do Movants argue that the district court abused its discretion by denying their request for sanctions against Hansmeier. (*See generally* App. Dkt. No. 59-1.) Thus, for a wide litany of reasons, the Court should not disturb the decision of the district court to not impose sanctions under Rule 11 or its inherent authority. Where the district court declined to impose sanctions, institute show-cause proceedings, or take any action other than denying Hansmeier's request to intervene on procedural grounds, U.S. Supreme Court precedent mandates that this

Court defer to that fact-intensive decision and deny Movants' renewed request for sanctions for the same alleged conduct.

### IV. Dismissal Under FRAP 3(a)(2) or FRAP 46 is Inappropriate Because Movants' Allegations Regarding the Conduct and Qualifications of Appellant's Former Counsel Are Moot Due to the Substitution of New Appellate Counsel

The instant motion conflates a number of factual and legal issues irrelevant to the merits of this appeal. Most notably, Movants recount at length a recent district court order in an unrelated case which imposed sanctions on two attorneys who previously appeared as counsel of record in this appeal (App. Dkt. No. 59-1, at 10–12), and a decision holding the Ninth Circuit application for admission of one of them in abeyance, arguing that the appeal should be dismissed due to the failure of Hansmeier to retain counsel admitted to the Court's bar. (*Id.* at 1, 3–4, 19–20.) These attorneys have both substituted out of their representation of Hansmeier in this appeal in order that accusations regarding their personal character or conduct will not detract from the merits of Hansmeier's legal arguments. Because the undersigned has substituted for Paul Hansmeier and is now counsel of record for Appellant, and because the undersigned is not mentioned in any of the extraneous court orders cited by Movants, the Court should disregard all arguments regarding the conduct or qualifications of Paul Hansmeier and should decline to dismiss this appeal under FRAP 3(a)(2) or FRAP 46.

The undersigned is an attorney admitted to practice before the highest court of the State of New York, and filed an application for admission to the bar of this Court prior to entering an appearance in this action. The undersigned has therefore complied fully with this Court's rules regarding attorneys. *See* 9th Cir. R. 46(a) (eligibility and application standards); 9th Cir. R. 46-1.2 ("Any attorney … who enters an appearance in this Court, and who is not already admitted to the Bar of this Court, shall simultaneously apply for admission."); *see also Frequently Asked Questions About Attorney Admissions*, United States Courts for the Ninth Circuit, http://cdn.ca9.uscourts.gov/datastore/uploads/forms/atty_faqs.pdf, at 2 (Feb. 23, 2012) ("You are deemed admitted the day we receive your completed application and remittance."). Movants have described other attorneys in this case as "willing attorneys" merely "utilized by [Paul] Hansmeier" (App. Dkt. No. 59-1, at 3 n.4), but the undersigned is an independent individual who is perfectly capable of competently representing Appellant Hansmeier before this Court. Movants cannot show otherwise.

## CONCLUSION

For all of the above reasons, the Court should decline to dismiss Hansmeier's appeal or enter any other sanctions under any of the various theories proffered by Movants. The motion to dismiss is largely unargued, except for Movants' improper attempt to relitigate the issue of sanctions under Rule 11 or the court's inherent authority—an issue already decided with finality by the district court and not properly raised on appeal here. Now that Plaintiff-Appellees' complaints regarding the alleged conduct of Paul Hansmeier have been presented at length to this Court, and now that attorney Paul Hansmeier has been substituted out of this appeal, Appellant sincerely hopes that further briefing will focus on the merits of this appeal and the serious legal issues that it raises.

DATED: June 10, 2013

/s/ Nathan A. Wersal
Nathan A. Wersal
CLASS ACTION JUSTICE INSTITUTE, LLC
40 S. 7th St., Ste. 212-313
Minneapolis, MN 55402
763-257-9219
nawersal@classjustice.org
*Attorney for Objector–Appellant Gordon Hansmeier*

## PROOF OF SERVICE

I hereby certify that on June 10, 2013, I authorized the electronic filing of the foregoing with the Clerk of Court of the United States Court of Appeals for the Ninth Circuit using the CM/ECF system, which will send notification of such filing to all participants in the case who are registered CM/ECF users.

I further certify that some of the participants in the case are not registered CM/ECF users, and that I caused the foregoing to be mailed via the United States Postal Service to the following non-CM/ECF participants:

| | |
|---|---|
| Michael L. Weiner<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY 10036 | Scott M. Plamondon<br>Weintraub Genshlea Chediak Law Corp.<br>11th Floor<br>400 Capitol Mall<br>Sacramento, CA 95814 |

DATED: June 10, 2013

/s/ Nathan A. Wersal
Nathan A. Wersal
CLASS ACTION JUSTICE INSTITUTE, LLC
40 S. 7th St., Ste. 212-313
Minneapolis, MN 55402
763-257-9219
nawersal@classjustice.org
*Attorney for Objector–Appellant Gordon Hansmeier*