Appeal Nos. 12-57026, 12-57205, 12-57211

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| Appeal No. 12-57026 | Appeal No. 12-57205 |
|---|---|
| MICHAEL SHAMES; et al., <br>     Plaintiffs – Appellees, <br> v. <br> GORDON HANSMEIER, <br>     Objector – Appellant, <br> v. <br> HERTZ CORPORATION, INC., et al., <br>     Defendants– Appellees. | MICHAEL SHAMES; et al., <br>     Plaintiffs – Appellees, <br> v. <br> ANDREW CESARE; CERY PERLE; GARY BISHOP; FRANK DEJULIUS, <br>     Objectors - Appellants, <br> v. <br> HERTZ CORPORATION, INC., et al., <br>     Defendants – Appellees. |

Appeal No. 12-57211
MICHAEL SHAMES; et al.,
    Plaintiffs – Appellees,
v.
THOMAS J. LAVERY,
    Objector – Appellant,
v.
HERTZ CORPORATION, INC., et al.,
    Defendants – Appellees.

On Appeal From the United States District Court for the Southern District of California – The Honorable Michael M. Anello, Case No. 07-CV-2174-MJMA(WMC)

### REPLY BRIEF TO MOTION TO DISMISS APPEAL AND FOR FINDING OF FRIVOLOUSNES

| Sullivan, Hill, Lewin, Rez & Engel <br> A Professional Law Corporation <br>  Donald G. Rez, SBN 82615 <br> 550 West "C" Street, Suite 1500 <br> San Diego, California 92101 <br> Telephone:  (619) 233-4100 <br> Facsimile:   (619) 231-4372 <br> rez@sullivanhill.com <br> *Co-Lead Counsel for Class Plaintiffs-Appellees* | Hulett Harper Stewart LLP <br>  Dennis Stewart (99152) <br> 225 Broadway, Suite 1350 <br> San Diego, CA  92101 <br> Telephone:  (619) 338-1133 <br> Facsimile:   (619) 338-1139 <br> dstewart@hulettharper.com <br> *Co-Lead Counsel for Class Plaintiffs-Appellees* |

354067-v1

Three points need to be emphasized in reply to Mr. Lavery's Response to the Motion to Dismiss his appeal. First Mr. Lavery cites nothing in the record below to support the contentions made in his opposition either as to the claim of error in striking his late filing or as to the asserted content of his objection. Specifically, there is nothing in the record that reflects the unsupported assertion that Mr. Lavery in fact postmarked a notice of objection to the class settlement by October 1, 2012. Indeed, as Mr. Lavery admits, that objection was received on October 5, after the date set for filing objections with the Court and was stricken from the record below as not having complied with the filing requirement. If Mr. Lavery believed that the striking of his filing was erroneous, it was the responsibility of Mr. Lavery's counsel to bring that claim of error and the facts supporting it to the attention of the District Court and to place the facts which he contended supported his claim of error into the record so that the District Court could consider his claim and there would be a record upon which to review the District Court's decision. He did neither. Mr. Lavery also purports to describe the nature of his objection, but does not and cannot support any facts pertaining to his objection by citation to his objection in the Court below. That is because no effort was made to preserve his objection in the record. No timely objection was filed, no objection to its striking was asserted below and no objection appears in the record. There is thus no objection for this Court to review and he has no power to appeal the approval of

1

the settlement as the Supreme Court explicitly held. *Devlin v. Scardelletti,* 536 U.S. 1, 14 (2002) (only non-named class members "who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal").

Second, once again counsel for Mr. Lavery have missed a filing deadline. The opposition here was not timely filed. This is a continuation of a pattern. No brief on appeal was timely filed, instead, after it was due, a request was made for an extension. [Dkt Entry 45-1] The extension date passed and still no answering brief has been filed. But an ill-conceived and unsupported motion for remand was made, but that motion was unsupported by any analysis. And, of course, at the district court level, counsel for Mr. Lavery failed to timely file an objection, failed to asset an error in the rejection of Mr. Lavery's objection, failed to seek an order allowing the objection to be submitted *nunc pro tunc,* and failed to appear at the fairness hearing.

Third, remand is not appropriate. No substantive reply was made attempting to show *In re HP Inkjet Printer Litigation,* 2013 WL 1986396 (9th Cir. May 15, 2013) is relevant to this case. The compelling showing made by the class as to the irrelevance of *HP* and that it brought about no change in controlling law in this case is wholly un-rebutted by Mr. Lavery. This class action settlement provides cash for all class members who so desire; no class members were required to take

coupons. None of the attorney fees awarded were "attributable to the award of coupons" as the District Court clearly held. Since this case does not involve a coupon settlement, *HP* is not relevant and a remand is not appropriate. And, as previously noted, with nothing to appeal, Mr. Lavery also has no standing to seek relief from this Court in the form of his motion to remand.

This appeal should be dismissed and found to be frivolous.

Dated:   June 21, 2013

Respectfully submitted,
SULLIVAN, HILL, LEWIN, REZ & ENGEL

By:   */s/ Donald G. Rez*
Donald G. Rez
Co-Lead Counsel for Plaintiff Class

Dated:   June 21, 2013

HULETT HARPER STEWART LLP

By:   */s/ Dennis Stewart*
Dennis Stewart
Co-Lead Counsel for Plaintiff Class